# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1257

PHYLLIS M. ALSTON,
*Appellant*

v.

THOMAS JEFFERSON UNIVERSITY HOSPITALS; LANKENAU MEDICAL
CENTER; MAIN LINE HEALTH; CVS PHARMACY, INC. d/b/a SimpleDose; DR.
SARA R. HEFTON, M.D.; et al.

_____

Appeal from U.S. District Court, E.D. Pa.
Judge Kelley B. Hodge
No. 2:24-cv-00093

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*
Submitted under Third Circuit L.A.R. 34.1(a) on Mar. 17, 2026
Decided: Mar. 25, 2026

_____

NONPRECEDENTIAL OPINION[*]

CHUNG, *Circuit Judge.*  Phyllis Alston brought state and federal law claims against several

defendants following the death of her mother, Margaret Morris, at Thomas Jefferson

University Hospital ("Jefferson Hospital" or "Jefferson") in early 2022.  On appeal, Alston

argues that the District Court erred and abused its discretion by dismissing her federal law

claims and denying her third request for a continuance to file the certificates of merit

required by Pennsylvania law.  We will affirm.

## I. BACKGROUND

---

[*]   This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

Alston's 91-year-old mother, Margaret Morris, suffered two seizures on Christmas Day in 2021. She was brought to the Lankenau Medical Center and then to Jefferson Hospital. **A12.** She passed away two weeks later, after suffering a stroke and heart attack. Alston brought a civil action against Lankenau Medical Center, Jefferson, Main Line Health, CVS Pharmacy, Inc., and several individual healthcare professionals (collectively, "Defendants"). She alleged that they failed to provide Morris with proper care, leading to her death. She further pled that the inadequate care Morris received was the product of Defendants' racial animus. Alston brought (1) a claim that Defendants violated Title VI of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment; (2) a 42 U.S. § 1985(3) conspiracy claim; and (3) medical negligence claims against Defendants under state law.[2]

Defendants filed motions to dismiss, after which Alston filed an Amended Complaint in July of 2024. Defendants then filed respective motions to dismiss the Amended Complaint. Alston sought multiple continuances to file the certificates of merit in support of her state law claims, and her last continuance motion was denied. On November 5, 2024, the District Court granted Defendants' motions, dismissing the federal claims and declining to exercise supplemental jurisdiction over the state law claims. In December of 2024, Alston filed her state law claims in the Court of Common Pleas of Philadelphia County. Meanwhile, Alston unsuccessfully moved the District Court to reconsider its denial of her motion to continue the deadline for filing her certificates of

---

[2] Alston does not appeal the dismissal of her state law claims.

merit.  Alston timely appealed.

## II. ANALYSIS[2]

### A.  Alston's Federal Claims

Alston sued Defendants for violating Title VI, Section 1985(3), and the Equal Protection Clause.  All three claims fail.

First, Section 601 of Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Title VI requires a showing of intentional discrimination, either through direct or circumstantial evidence.  Alexander v. Sandoval, 532 U.S. 275, 280 (2001);  Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 563 (3d Cir. 2002).

Even construing the allegations in the light most favorable to Alston, the Amended Complaint fails to allege, either through direct or circumstantial evidence, any form of intentional discrimination.  Alston alleges numerous acts of medical negligence and contends that such negligence could only be the result of racial hostility.  But she puts forth no facts to support this contention, and her conclusory assertions that racial animus is the

---

[2]  The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review a District Court's decision to dismiss a complaint under Rule 12(b)(6) de novo.  Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011).  We review a District Court's refusal to exercise supplemental jurisdiction for abuse of discretion.  Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999).

only logical motivator of Defendants' purportedly negligent treatment does not support a plausible inference of discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").[3]

Second, Section 1985(3) conspiracy claims similarly require a showing "that the decisionmaker … selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 272 (1993) (citations omitted). Alston's § 1985(3) claim fails on the merits for the same reason her Title VI claim fails: she has failed to plausibly allege that Defendants' actions were motivated by Morris's race, and therefore has failed to show that Defendants engaged in a particular course of action "because of … its adverse effect[] upon" Morris as an African American. Id. The Amended Complaint's references to racial animus are merely Alston's subjective interpretations of the Defendants' behaviors and motivations; they are not factual allegations that allow for the reasonable inference that Defendants were motivated by racial discrimination.

Last, Alston sued Defendants under § 1983 for violating the Equal Protection Clause of

---

[3]   Alston contends that intentional discrimination may be shown through deliberate indifference, Opening Br. 15–17, but even so, her complaint is devoid of any plausible allegation that Defendants engaged in, or had knowledge of, racial discrimination as required by that standard. Cf. Hall v. Millersville Univ., 22 F.4th 397, 410–11 (3d Cir. 2022) (discussing deliberate indifference standard in Title IX context).

the Fourteenth Amendment. That claim also fails. "Section 1983 subjects to liability those who deprive persons of federal constitutional or statutory rights 'under color of any statute, ordinance, regulation, custom, or usage' of a state." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). To make out a § 1983 claim, a claimant must allege, *inter alia*, that the defendant is a state actor. Id.

Alston contends that that Defendants are state actors because they receive funding from the state. But "state contributions to otherwise private entities, no matter how great those contributions may be, will not of themselves transform a private actor into a state actor." Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 102 (3d Cir. 1984). Alston also contends that the District Court erred in dismissing her complaint because discovery might have revealed that Defendants were acting under color of state law. Speculation about what discovery might reveal is insufficient to state a claim, though. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Because Alston has made no other allegation, beyond federal funding, that suggests state action by the Defendants, her § 1983 claim fails.

### B. Alston's Certificates of Merit Argument is Moot

Alston argues that the District Court erred in denying her third request for a 60-day extension to file certificates of merit in support of her state law claims, as required by Pennsylvania Rule of Civil Procedure 1042.3. This argument is moot. The District Court declined to exercise supplemental jurisdiction over Alston's state law claims, and Alston does not appeal that decision. Therefore, even if we agreed that the District Court should have given her more time to file her certificates of merit, our decision would not provide

5

her "any effectual relief" as the state law claims are no longer pending in the District Court. See Chafin v. Chafin, 568 U.S. 165, 172 (2013) ("There is thus no case or controversy, and a suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (citation omitted)); Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." (citation omitted)).

\* \* \* \* \*

For the foregoing reasons, we will AFFIRM.